**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NATHAN B. MARTIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-09-192-HE |
| | ) |
| **DIANE BOX, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a former state pretrial detainee appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the complaint has been conducted as required by 28 U.S.C. § 1915A and 1915(e)(2)(B). Based on that review, it is recommended that the complaint be dismissed upon filing for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal count as one "strike" pursuant to 28 U.S.C. § 1915(g).

**Background/Plaintiff's Claims**

At the time he filed his complaint Plaintiff was a pretrial detainee in the custody of

---

[1] After Plaintiff filed this action and was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), the undersigned took judicial notice of a change of address filed March 3, 2009, in another pending action, *Martin v. Whetsel*, Case No. CIV-08-1223-HE [Doc. No. 18], indicating that Plaintiff had been released from the Oklahoma County Detention Center and was residing in a private residence.

Oklahoma Detention Center ("OCDC").  In describing the general nature of the case, Plaintiff asserts that the state prosecutors who represented the State of Oklahoma "for Case #CF-07-4271" and "Case #CF-07-3864" "failed to 'examine' the facts, evidence or witnesses" and "chose to step out on blind faith and false pretenses to prosecute and sentence the Plaintiff . . . ."  Complaint, p. 2 (referring to "David Prater and/or his associates").  Plaintiff further states that Defendants "forced the Plaintiff to be unlawfully detained in an unsafe, overcrowded and unhealthy environment"and these conditions "cause[d] the Plaintiff to yield or submit to a guilty plea."  *Id.*

Publicly available records of the Oklahoma County District Court show that Plaintiff was charged in Case No. CF-2007-2864 with two counts of robbery with a dangerous weapon (Counts One and Two) and one count of committing an assault with a dangerous weapon while masked (Count Three).  *See State v. Nathan Bernard Martin*, Case No. CF-2007-3864, available at: http://www.oscn.net (accessed April 27, 2009).  At the request of the State, Counts Two and Three were dismissed on November 28, 2007, and as to Count One, Petitioner was acquitted in a jury trial on February 24, 2009.  *Id.*  Oklahoma County District Court records also reflect that in Case No. CF-2007-4271, Plaintiff was charged with robbery with a firearm and on November 14, 2007, this charge was dismissed at the request of the State.  *See State v. Nathan Bernard Martin*, Case No. CF-2007-4271, available at: http://www.oscn.net (accessed April 27, 2009).

In his complaint Plaintiff names as Defendants Oklahoma County Assistant District Attorney Diane Box and the Oklahoma County District Attorney's Office and alleges

violations of the Fourth, Fifth, Sixth, Ninth, Tenth and Fourteenth Amendments.[2] In the first of three counts, Plaintiff alleges that Defendants force "indigent inmates" into incarceration under harsh conditions at the detention center "until they sign for a lesser sentence or 'paper time.'" Complaint, p. 3. Next, Plaintiff alleges that Defendants "have not examined the facts or witnesses nor have they examined the Plaintiff." *Id.* (referring to charges in Case Nos. CF-2007-4271 and CF-2007-3864). In his third claim, Plaintiff alleges that "[d]ue to the false allegations of the Defendants, the false accusations of the State witnesses and the State appointed counsel resetting the jury trial '7-times,' Plaintiff has been denied his day in court and force[d] into incarceration." *Id.*, p. 4. As relief, Plaintiff seeks monetary damages. *Id.*, p. 5.

## Standard for Initial Screening

Because Plaintiff is proceeding *in forma pauperis*, the court must review Plaintiff's complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A claim is frivolous if it is "based on an indisputably meritless legal theory" or if the "factual contentions are clearly baseless." *Nietzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[2] Records in this Court show that the instant case is one of a series of civil rights cases filed by Plaintiff that are generally related to the criminal cases filed against him in Oklahoma County District Court. *See Martin v. McDonald's, et al.,*, Case No. CIV-09-171-HE; *Martin v. Cory, et. al.*, Case No. CIV-098-128; *Martin v. Presley*, Case No. CIV-09-193-HE.

An example of the former type of claim is one against a defendant who is clearly immune from suit. *Id.* "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation and internal quotation marks omitted).[3]

Although a pro se plaintiff's complaint must be broadly construed under this standard, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the "broad reading" of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

## **DISCUSSION**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation

---

[3]The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C . § 1915(e)(2)(B)(ii). *Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001).

was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Tarabishi v. McAlester Reg'l Hosp.*, 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage"). The instant complaint, even liberally read, shows that Plaintiff could not prevail in a § 1983 action on the facts alleged.

With respect to his first claim, Plaintiff apparently seeks redress on behalf of other inmates, rather than a remedy for wrongs that he has suffered. Any individual who seeks to invoke the jurisdiction of the federal courts must allege an actual "case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). *See also Essence, Inc. v. City of Federal Heights*, 285 F.3d 1272, 1280 (10th Cir. 2002) (standing is a jurisdictional issue which may be raised *sua sponte* to ensure that there is an Article III case or controversy). To demonstrate the necessary standing to seek relief in federal courts, the party invoking the court's authority "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818-819 (1997) (quotation omitted). In his complaint, Plaintiff sets out nonspecific complaints about the legal process encountered by some pretrial detainees at the OCDC, alleging generally that "Defendants are guilty of forcing their usurpation on the weakest of citizens of Oklahoma 'the indigent inmate.'" Complaint, p. 3. These allegations do not support Plaintiff's standing to assert these claims. Thus, to the extent Plaintiff seeks redress on behalf of other OCDC inmates, rather than a remedy for wrongs that he has suffered, he

lacks standing to assert such claims. *See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) (holding that a pretrial detainee "lacks standing to bring claims on behalf of others" in a Section 1983 action);[4] *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) ("to the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to proceed"). Accordingly, the undersigned recommends that Plaintiff's claims relating to alleged violations of other OCDC inmates' rights be dismissed with prejudice. *See Curley v. Perry*, 246 F.3d at 1282 (because no amendment would cure the defect, the district court properly dismissed the claim with prejudice).

Plaintiff's claims for damages in Count Two and Three focus on the role of the prosecuting attorney in initiating and pursuing criminal charges against him. The undersigned first notes that Plaintiff has not specifically alleged any facts suggesting the personal involvement of Defendant Assistant District Attorney Diane Box in the constitutional violations alleged in the complaint. Thus, the claims against this Defendant

---

[4]In *Swoboda*, a prisoner sued in part for unconstitutional conditions in a jail. *Swoboda*, 992 F.2d at 288. The Tenth Circuit held that the plaintiff lacked standing to assert claims regarding jail conditions for his fellow inmates. The court stated:

> [The plaintiff] stated no specific facts connecting the allegedly unconstitutional conditions with his own experiences at [the jail], or indicating how the conditions caused him injury. Without such facts, these claims are little more than conclusory allegations, which are insufficient to state a claim for relief. Additionally, [the plaintiff] lacks standing to bring claims on behalf of others.

*Id.* at 289-90 (citations omitted).

are subject to dismissal for failure to allege personal participation, an essential element of a § 1983 claim. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). However, it is not necessary to allow Plaintiff to amend his complaint to allege the personal involvement of Defendant Box or to add another assistant district attorney as a defendant because, as discussed below, Plaintiff's claims for damages against Box, whether in her individual or official capacity, fail to state a claim upon which relief may be granted under § 1983.[5]

Defendant Box in her individual capacity is immune from suit. The Supreme Court has long recognized that prosecutors must enjoy absolute immunity from civil suit for decisions that they make with regard to initiating and pursuing criminal charges. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This doctrine recognizes the competing interests of defendants who allege that the prosecutor has engaged in unconstitutional and unlawful acts and society's interest in empowering prosecutors to make difficult legal decisions free of concerns that incorrect decisions could subject the prosecutors to civil liability. *Id.* at 425-26. Recognizing that even though prosecutorial immunity might leave some convicted

---

[5] Plaintiff has not stated whether he is suing Defendant Box in her personal or official capacity. Because Plaintiff is pro se, the Court should broadly construe the complaint to allege claims in both capacities. *See Meadows v. Whetsel*, No. 07-6034, 2007 WL 2452708, *2 (10th Cir. Aug. 30, 2007) (unpublished) ("It is unclear whether Sheriff Whetsel was sued in his official or his individual capacity, so we will assume that he was sued in both."); *Gardner v. Bangerter*, No. 94-4116, 1995 WL 12021 (10th Cir. Jan. 12, 1995) (unpublished) (liberally construing pro se pleadings to include individual capacity and official capacity claims when the plaintiff's intent was not clear). (These unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.).

defendants without a remedy for wrongs done to them, the Supreme Court found that various existing checks against abuse of prosecutorial power justified such immunity. *Id.* at 427. Prosecutorial immunity extends to every action by the prosecutor acting "as an officer of the court" or to those actions "intimately associated with the judicial phase of the criminal process." *Van De Kamp v. Goldstein*, __U.S.__, 129 S.Ct. 855, 860-61 (2009). It extends to decisions to initiate prosecutions, applications for pre-indictment process (*e.g.,* warrant applications), and trial preparation. *Id.* at 861. Thus, Plaintiff's individual capacity claims which relate to Defendant Box's prosecutorial decisions and the handling of evidence in connection with the prosecution of Plaintiff should be dismissed under the doctrine of absolute prosecutorial immunity.

Plaintiff's official capacity claims against Defendant Box are barred by Eleventh Amendment immunity which bars suit in federal court against a state. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Absent a specific waiver of immunity or express abrogation of the state's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court" regardless of the form of relief requested. *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quotations, alterations omitted). Suits seeking "retroactive relief" against state officials in their official capacity "are deemed to be suits against the state." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir.1998). The State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court. *See* Okla. Stat. tit. 51, § 152.1(B) (expressing the state's intent not to waive Eleventh Amendment immunity in the Oklahoma Governmental Tort

Claims Act). And the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[6] Defendant Box in her official capacity as a state prosecutor is an officer of the state.[7] Thus, Plaintiff's claims for money damages against Defendant Box in her official capacity are barred by Eleventh Amendment immunity.

Plaintiff also names the Oklahoma County District Attorney's Office as a Defendant. Under Oklahoma law, the district attorney's office is created for service in specified counties. Okla. Stat. tit. 19, § 215.1. Plaintiff cites no authority, and the undersigned knows of none, indicating that the district attorney's office was created as a separate, suable legal entity or qualifies as a "person" subject to liability under § 1983. *See Will*, 491 U.S. at 71. To the extent Plaintiff is attempting to name an unidentified Oklahoma County assistant district attorney or David Prater, District Attorney for the Seventh Prosecutorial District, *see* Complaint, p. 2, such claim seeking monetary damages would be precluded for the same reasons discussed in connection with Defendant Box – absolute prosecutorial immunity and Eleventh Amendment immunity. *See Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991) (holding that the Eleventh Amendment barred suit against the district attorney in his official capacity); *Laidley v. McClain*, 914 F.2d 1386, 1392 (10th Cir. 1990) (concluding that the

---

[6] Moreover, the Supreme Court has concluded that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

[7] Under Oklahoma law, "all appointees and employees of district attorneys . . . shall be deemed to be state officers or employees for all purposes." Okla. Stat. tit. 19, § 215.30.

Eleventh Amendment prohibited a federal claim against an Oklahoma district attorney in his official capacity).

In conclusion, the undersigned finds that none of the allegations, accusations or other statements in Plaintiff's complaint give rise to a cause of action under § 1983 against any named Defendant. Further, giving Plaintiff an opportunity to amend would be futile. *See Curley*, 246 F.3d at 1284. Thus, it is recommended the complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

## **RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that the complaint be dismissed upon filing for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A; 1915(e)(2)(B). Dismissal of this action should count as a strike pursuant to 28 U.S.C. § 1915(g).[8] Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th day of May, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[8] Dismissal should count as a "prior occasion" only after Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the Oklahoma County District Attorney at 320 Robert S. Kerr Ave., Suite 505, Oklahoma City, Oklahoma 73102 on behalf of the Defendants.

ENTERED this 30th day of April, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE